IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br>v.<br><br>DAVID EVANS,<br>                 Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S [46] MOTION TO REDUCE RESTITUTION**<br><br>Case No. 2:13-CR-566-DN<br><br>District Judge David Nuffer |
|---|---|

Defendant ("Mr. Evans") moves ("Motion") for a reduction in the amount of restitution ordered as part of his sentence pursuant to 18 U.S.C. § 3664(j)(2).[1] The government opposes the motion.[2] Defendant replies in support.[3] Because § 3664(j)(2) is inapplicable given the circumstances, the Motion is DENIED.

## DISCUSSION

On September 30, 2013, Mr. Evans pleaded guilty to one count of conspiracy to commit health care fraud in violation of 18 U.S.C. §1349.[4] Mr. Evans was sentenced on April 29, 2016 and was ordered to pay restitution to the Centers for Medicare & Medicaid Services in the amount of $957,055.77.[5] In May of 2015 the government settled with Mr. Evans's former employer, Orbit Medical, Inc., in an amount totaling $7,500,000 in the *qui tam* civil matter of *United States ex rel. Clyde and Jackson v. Orbit Medical, Inc., et al.,* ("Orbit *qui tam*") Case no.

---

[1] Motion to Reduce Restitution, docket no. 46, filed June 21, 2017.

[2] United States' Opposition to Motion Reduce Restitution ("Opposition"), docket no. 49, filed July 12, 2017.

[3] Defendant's Reply to Motion to Reduce Restitution ("Reply"), docket no. 51, filed July 26, 2017.

[4] Statement by Defendant in Advance of Plea of Guilty at 1, docket no. 13, filed September 30, 2013.

[5] Judgment in a Criminal Case at 5, docket no. 40, filed April 29, 2016.

2:10-cv-00297-DAK.[6] The Orbit *qui tam* complaint alleged violations of the False Claims Act (31 U.S.C. §§ 3729–3733), specifically that Orbit, a supplier of medical equipment, engaged in a scheme to defraud Medicare.[7]

Because 18 USC §3664(j)(2) provides that "[a]ny amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in any Federal civil proceeding[,]"[8] and "[t]he purpose of § 3664(j)(2) is to prevent double recovery by a victim[,]"[9] Mr. Evans argues that his restitution should be reduced because the loss covered by the ordered restitution in his case and the loss addressed by the Orbit *qui tam* settlement are the same loss. According to Mr. Evans, failing to make this reduction would result in "duplicative restitution payments and a windfall for the government."[10] It is unnecessary to address the matter of any double recovery here, because Mr. Evans's argument fails under the plain language of 18 USC §3664(j)(2).

Although the Tenth Circuit has held that a trial court lacks the authority under § 3664 to "reduce the amount of restitution [a] [d]efendant owe[s] . . . simply because the court believe[s] the parties got it wrong in the plea agreement[,]"[11] it has recognized that:

> Only in the narrowest circumstance does the [Mandatory Victim Restitution Act] provide for a belated reduction in the amount of restitution ordered. Subsection (j)(2) states the amount of restitution paid "shall be reduced by any amount later

---

[6] *See generally* Motion, Exhibit 1 at pp. 1–2, docket no 46-1 filed June 21, 2017; Opposition, Exhibit 1, Declaration of Sandra L. Steinvoort ("Steinvoort Decl."), ¶¶ 1, 2, and 4, docket no. 49-1, filed July 12, 2017; Reply, Exhibit 3 at pp. 21–28, docket no. 51-3, filed July 26, 2017.

[7] Steinvoort Decl. ¶¶ 1 and 2.

[8] 18 U.S.C. §3664(j)(2)(A) (emphasis added).

[9] *United States v. Stanley*, 309 F.3d 611, 613 (9th Cir. 2002).

[10] Reply at 4.

[11] *United States v. Wyss*, 744 F.3d 1214, 1219 (10th Cir. 2014) ("Neither subsection (k) nor any other provision of § 3664, however, authorizes a reduction in the amount of restitution ordered over three years prior.").

recovered as compensatory damages for the same loss" in a federal or state civil proceeding. [18 U.S.C.] § 3664(j)(2).[12]

The term "later recovered"[13] is key to the Tenth Circuit's recognition that only certain limited circumstances permit the reduction of restitution orders at some point after sentencing. These circumstances, in fact, are very limited as other federal circuits recognize that the reduction provision of "§ 3664(j)(2) applies only 'to compensatory damages recovered by a victim in a civil proceeding *after* a court enters a restitution order' . . . ."[14] Therefore the central question to whether Mr. Evans's restitution can be reduced under § 3664(j)(2) is whether the government recovered additional compensatory damages *after* the entry of Mr. Evans's order.

The timeline here is straightforward. Mr. Evans entered a guilty plea in 2013.[15] The government settled the Orbit *qui tam* complaint in May of 2015.[16] In particular, the settlement agreement specified that "[t]he Orbit Defendants shall pay to the United States Seven Million, Five Hundred Thousand dollars ($7,500,000) ('Settlement Amount') plus interest on the Settlement Amount at a rate of 1.25% per annum from the date this Agreement is executed[.]"[17] Mr. Evans was sentenced in April of 2016.[18] Even if the loss addressed in the Orbit *qui tam* complaint and Mr. Evans's criminal case was the same,[19] the related federal civil proceeding— the settlement—occurred nearly a year *prior to* Mr. Evans's sentencing. Mr. Evans cannot argue

---

[12] *Id.*

[13] 18 U.S.C. §3664(j)(2)(A).

[14] *United States v. Joseph*, 743 F.3d 1350, 1355 (11th Cir. 2014) (*quoting United States v. Ruff*, 420 F.3d 772, 775 (8th Cir.2005) (emphasis added)).

[15] Statement by Defendant in Advance of Plea of Guilty at 1, docket no. 13, filed September 30, 2013.

[16] Steinvoort Decl. ¶ 5.

[17] Reply, Exhibit 3 ¶ 1.

[18] Judgment in a Criminal Case at 5, docket no. 40, filed April 29, 2016.

[19] This is not a concession that the losses in both cases represent the same loss; it is a hypothetical only for the purpose of considering the timeline of events at issue here.

that he is entitled to a reduction because § 3664(j)(2) is entirely inapplicable given the timing of events here. The motion must be denied.

## ORDER

IT IS HEREBY ORDERED that Defendant's Motion to Reduce Restitution[20] is DENIED.

Signed August 7, 2017.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[20] Motion to Reduce Restitution, docket no. 46, filed June 21, 2017.